THE INDIAN RIVER STATE BANK, A CORPORATION, *Plaintiff in Error,* v. THE HARTFORD FIRE INSURANCE COMPANY, A CORPORATION, *Defendant in Error.*

PLEADING—REAL PARTY IN INTEREST—AMENDMENT—PLEDGES OF CHOSE IN ACTION—FIRE INSURANCE—WAIVER OF PROOFS OF LOSS BY DENIAL OF LIABILITY—INSURANCE AGENTS, AUTHORITY OF—LIMITATION OF TIME FOR PROOFS OF LOSS.

1. A suit on a policy of fire insurance originally instituted by H. and B. as joint plaintiffs may, under the Florida statute of amendments, be properly amended so that H. shall be the sole nominal plaintiff suing for the use of B.; and such suit may further be properly amended so as to drop H. as a plaintiff therein altogether, the usee B. being substituted as the real and only plaintiff; and such suit, in so far as B.'s rights are affected by a clause in the policy sued on limiting the time within which suit thereon may be instituted, will be deemed and held to have been instituted on the date when it was first brought by H. and B. as joint plaintiffs.

2. Where H., to whom a policy of fire insurance is issued, after a loss thereon, *assigns* and *delivers* it to B. to secure an indebtedness due from him to B. and for collection as his agent with authority to B. to collect the same and to deduct from the proceeds the amount of H.'s indebtedness up to the time of such collection, and to account to H. for any overplus above such indebtedness, under these circumstances, *Held:* That B., under the provisions of section 981, Revised Statutes, permitting any civil action at law to be maintained in the name of the real party in interest, can, in his own name alone, maintain an action at law for the collection of such policy as the *real party in interest.* *Held,* further that in such a case, in the event of B.'s recovery in his own name on such policy, the only claim that H. would

46 283
46 280
f46 339
f46 340
f46 341
f46 342
f46 344
f46 345
f46 346
f46 347
f46 348
46 621
f46 622
46 623
f46 624
f46 625
46 626
f46 627
47 230
46 283
f50 415

46 283
56 251

46 283
f59 118
f60 88

have would be against B. for any balance remaining after the payment in full out of the proceeds of H.'s debt to B. In such case H. would have no claim against the insurance company.

3. If the provisions of a policy of fire insurance render it void in the event the insured did not own the land in fee upon which the insured premises stood, or in the event the personalty insured was encumbered with a chattel mortgage, these avoiding facts, if existent, are proper matters of defense to a suit on such policy for the defendant to urge by plea, and it is not necessary to the maintenance of the plaintiff's suit on such policy that he should negative such facts in his declaration.

4. An agent may be authorized to deny on behalf of a fire insurance company liability on a policy issued by such company, when he is not authorized by such company to adjust the loss or to accept for it proofs of loss.

5. If an agent of a fire insurance company has authority for it to deny liability on one of its policies, and does so deny such liability, then it makes no difference whether such company has knowledge of such denial of liability or not; it is bound by the authorized acts of its agent whether it has knowledge of such acts or not.

6. In a suit on a policy of fire insurance, where the declaration alleges that there was a denial of liability on the policy by the defendant company, it is not necessary for such declaration to allege that the plaintiff was *misled* by such denial of liability. The simple allegation that the defendant company denied all liabilty on the policy is sufficient to give to the plaintiff any advantage to be derived from a waiver of proofs of loss that follows, as a legal consequence, upon such denial of liability. The question in such a case is one purely of fact. Did the defendant company absolutely repudiate or deny all liability upon the policy sued on? If it did, then it follows, *as a legal consequence,* that it has waived the making of proofs of loss provided for in the policy.

7. Where a local agent of an insurance company has authority to represent the company in making contracts of insurance, in collecting premiums and in signing policies, he also has authority to *waive proofs of loss,* either in writing, or by parol, or by matters *in pais* which amount to an estoppel. An insurance company can not make its local agent the medium through which all the benefits of a policy flow from the insured to it, and then

deny that he has authority to represent it when the benefits of the insured are involved.

8. The acts of an agent, performed within the scope of his real or apparent authority, are binding upon his principal. The public have a right to rely upon an agent's apparent authority, and are not bound to enquire as to his special powers unless the circumstances are such as to put them upon inquiry.

9. The following stipulation in a policy of insurance: "No officer, agent or other representative of this company shall have power to waive any condition or provision of this policy except such as by the terms of this policy may be the subject of agreement indorsed hereon or added hereto, and as to such provisions and conditions no officer, agent or representative shall have power or be deemed or held to have waived such conditions or provisions unless such waiver, if any, shall be written upon or attached hereto," refers to the conditions which go to the making of the contract of insurance, and not to provisions relating to the proof of loss which are to be performed in the event of a loss, and, consequently, this stipulation does not operate to prevent the company from making waiver of proof of loss by conduct, or otherwise than by an express agreement.

10. The legal effect of the provision in the policy of insurance sued on in this case that requires the assured to make proofs of loss within sixty days after the fire, is not to make such policy void, forfeited or annulled upon a failure to furnish such proofs of loss within the prescribed time, but its only effect, in connection with another provision in such policy stipulating that the amount due upon the policy shall be payable sixty days after satisfactory proofs of loss have been received by the company, is that it postpones the date when the amount of the loss becomes due and payable, and, consequently, in cases where the furnishing of such proofs of loss have not been excused or waived, postpones the time within which suit may be brought thereon.

11. In an action on a policy of fire insurance the plaintiff may, in different counts of his declaration, aver both a waiver by the company of the proofs of loss, and a compliance with the provisions of the policy as to such proofs on his part, and may rely upon that one of the counts that the evidence establishes. The plaintiff may also insist that proofs of loss have been waived, notwithstanding the fact that he, later, furnishes such proof, from abundance of caution.

286     SUPREME COURT OF FLORIDA,

Indian River St. Bk. v. Hartford Fire Ins. Co.—Statement of Case.

12. A special count in a declaration for *interest* upon the amount claimed as principal, while not, perhaps, necessary for the recovery of interest, is not an improper pleading, and is not subject to demurrer.

This case was decided by Division A.

Writ of error to the Circuit Court for Brevard county.

## *Statement.*

On the tenth day of December, 1896, the plaintiff in error, jointly with one Simon Hamburg, instituted suit against the defendant in error in the Circuit Court of Brevard county upon a policy of fire insurance issued by the defendant in error to said Simon Hamburg upon a building and stock of goods therein; the declaration alleging in substance the destruction by fire on December 12th, 1895, of said building and contents during the life of said policy, and that on the thirteenth day of December, 1895, after the said loss the said Simon Hamburg for value received, by a written assignment endorsed upon said policy, pledged the same to the plaintiff, the Indian River State Bank, and deposited the same with said bank as security for certain debts and engagements of the said Simon Hamburg to the said bank, and that said policy had never been redelivered to the said Hamburg, but is in the custody and possession of said bank as pledgee thereof to secure the payment of said debts and the performance of said engagements, etc. A copy of the policy sued upon being attached to said declaration.

To this declaration the defendant insurance company interposed a demurrer upon the grounds, among others: "1. The action is brought by the Indian River State Bank, a corporation, and Simon Hamburg as co-plaintiffs herein on the alleged insurance policy therein set up, and yet there

VOL. 46, JUNE TERM, 1903. 287

Indian River St. Bk. v. Hartford Fire Ins. Co.—Statement of Case.

is no averment in said declaration upon which a joint re-
covery by said co-plaintiffs may be predicated.

2. Said action so instituted and declared on, if con-
ducted to a final judgment for this defendant, could not be
pleaded in bar of a subsequent action instituted by either of
the several plaintiffs on said alleged policy against this
defendant."

This demurrer was sustained specifically upon the first
ground thereof above quoted, and the plaintiffs allowed to
amend as they may be advised.

The declaration was then amended by making Simon
Hamburg the nominal plaintiff suing for the use of the
Indian River State Bank, and reiterating the averments as
to the assignment and pledging of the policy sued upon to
said bank as security for debts due to it by Hamburg, etc.
The defendant insurance company then moved for judg-
ment final upon its demurrer to the former declaration
upon the grounds that "the plaintiffs have not amended the
declaration herein so as to take said declaration out of the
condemnation of the ground of demurrer sustained by the
court.

The plaintiffs have not filed any amended declaration,
or any amendment to the declaration herein."

This motion was denied by the court, and the defendant
allowed time within which to plead. To the amended dec-
laration the defendant insurance company then demurred
upon the grounds, among others:

"1. Said declaration, in the averments thereof, does not
set up a right of action in the plaintiff.

2. Said declaration, if the averments thereof disclose
any right of action, shows a right of action in the said In-
dian River State Bank."

This demurrer, upon argument before the then Judge
of the Circuit Court for Brevard county, was overruled and
the defendant required to plead by a fixed day.

288    SUPREME COURT OF FLORIDA,

Indian River St. Bk. v. Hartford Fire Ins. Co.—Statement of Case.

The defendant then filed the following plea in abatement: "And now comes the defendant and for its plea in abatement herein says that the præcipe for a summons herein was filed in this cause on the 10th day of December, 1896, and the summons thereon was issued on the same day to this defendant to answer the Indian River State Bank, a corporation, and Simon Hamburg in an action of assumpsit, damages fifteen hundred dollars, which summons was served on this defendant, and the defendant avers that the amended and only declaration filed herein is a declaration filed by Simon Hamburg as sole plaintiff; and this defendant by reference to said præcipe and the said summons so filed herein and remaining of file herein, makes the said præcipe and said summons a part hereof; wherefore this defendant prays that said suit abate.

2. And the defendant for its further plea in abatement, says that the præcipe for summons herein was filed in this cause on the 10th day of December, 1896, and the summons thereon was issued on the same day to this defendant to answer the Indian River State Bank, a corporation, and Simon Hamburg in an action of assumpsit, damages, fifteen hundred dollars, which summons was served on this defendant; and the defendant avers that the amended and only declaration filed herein is a declaration filed by Simon Hamburg as sole plaintiff, suing, not for himself, but for the use of the Indian River State Bank, a corporation, and this defendant by reference to said præcipe and said summons, so filed herein, and remaining of file herein, makes the said præcipe and said summons a part hereof, wherefore this defendant prays that said suit abate."

The plaintiff moved to strike these pleas, which motion the court denied. Thereupon the plaintiff filed a demurrer to said pleas, which demurrer was sustained and the defendant was required to plead instanter.

The defendant then filed divers pleas in bar, which were demurred to by the plaintiff, and this demurrer was sus-

VOL. 46, JUNE TERM, 1903.            289

Indian River St. Bk. v. Hartford Fire Ins. Co.—Statement of Case.

tained as to some of said pleas and overruled as to the others, whereupon the defendant filed other and further pleas, to which the plaintiff likewise demurred. Upon the argument of this last demurrer the plaintiff asked and obtained leave to amend its declaration, and filed its amended declaration, Hamburg still being the nominal plaintiff suing for the use of the bank. This amended declaration, alleged as to the transfer of said policy to the bank that on the 13th day of December, 1895, after the loss aforesaid, he assigned and delivered said policy to the Indian River State Bank to secure an indebtedness due said bank and for collection as his agent, the said bank to collect said policy and deduct from the proceeds thereof the amount of plaintiff's indebtedness up to the time of said collection, and to account to the plaintiff for the balance, and that said policy had never been redeemed but is still in the custody of the said bank, which is the pledgee thereof, and is entitled to receive the full proceeds of said policy. This amended declaration was demurred to by the defendant on the following grounds, among others: 1. Upon the allegations therein set up the plaintiff has stated no cause of action against the defendant.

2. The cause of action upon which the declaration is based is a simple insurance policy, and it is averred therein that after the alleged loss therein set up the said plaintiff assigned and delivered said policy to the Indian River State Bank in whose custody as such assignee it now remains, and that said bank is entitled to receive the full proceeds of said policy.

3. Said declaration avers that the plaintiff, the morning after the night of the loss therein set up, assigned and delivered said policy to the Indian River State Bank to secure an indebtedness due said bank by said plaintiff, and for collection as his agent, the said bank to collect said policy and deduct from the proceeds thereof the amount of plaintiff's indebtedness up to the time of collection and to account to the plaintiff for the balance, and that said policy has never

46 Fla.—11

290    SUPREME COURT OF FLORIDA,

Indian River St. Bk. v. Hartford Fire Ins. Co.—Statement of Case.

been redeemed but is still in the custody of the said bank, which is the pledgee thereof, and is entitled to receive the full proceeds of said policy, and yet said alleged usee is not a party plaintiff suing alone for said proceeds, nor is it a co-plaintiff with said Hamburg.

4. The said declaration shows that if the plaintiff, Simon Hamburg, as pledger has the legal title to the proceeds of said policy, capable of being asserted in a suit on said policy in which he is the sole plaintiff, the said alleged usee, for whose exclusive use the suit is brought, is a beneficial usee only to the amount of said proceeds required to pay off and discharge the indebtedness of said plaintiff to said alleged usee, and yet the amount of said alleged debt is not set forth, nor is it in anywise made to appear what part of said proceeds is required for the use of said usee.

5. It is not made to appear from the averments of said declaration that the defendant, upon the payment of the judgment recovered against it, would be protected thereby against being again vexed by another suit upon the identical single insurance policy sued on herein.

This demurrer coming on to be heard before the Judge of the Fourth Judicial Circuit was sustained, and the plaintiff given leave to amend if he be so advised. Thereupon the Indian River State Bank, the usee in the former declaration, filed its amended declaration in the words and figures following:

"In Circuit Court Brevard County.

The Indian River State Bank  
vs.  } Amended  
Hartford Fire Insurance Company. } Declaration.

The Indian River State Bank, a corporation under the laws of Florida, plaintiff, by Robbins and Graham its attorneys sues the Hartford Fire Insurance Company of Hartford, Connecticut, a corporation doing business in the State of Florida, in accordance with the statute in such cases pro-

vided, for that whereas the defendant, upon the 3rd day of
October, A. D. 1903, at Titusville, in the county of Brevard
and State of Florida, made its policy of insurance and de-
livered the same to Simon Hamburg, and thereby, and then
and there, in consideration of forty-three and 75-100 dollars
premium to it paid by the said Simon Hamburg, did insure
the said Simon Hamburg against loss or damage by fire to
the amount of one thousand dollars, as follows: five hun-
dred dollars on his two story metal .roof frame building,
including awnings, while occupied by the assured as dry
goods, clothing, furniture and millinery store, situate on the
northwest corner of Main Street and Washington avenue
in Titusville, Florida, ·and five hundred dollars on his
stock of merchandise consisting chiefly of dry goods, cloth-
ing, furniture, millinery and such other merchandise kept
for sale by assured, usual to his trade, while contained in
the above described building, and no dollars on store and
office furniture and fixtures, including iron safe, while con-
tained in the above described building, and permitting
$8500.00 of other insurance to be written warranted to be
concurrent therewith.

And the defendant, for the consideration aforesaid, did
by the said policy promise and agree to make good and
satisfy to the said Simon Hamburg all such direct loss or
damage, not exceeding the sum of one thousand dollars, as
should happen by fire to the said property whereon the said
insurance was made, as aforesaid, from the 3rd day of Oc-
tober, A. D. 1895, at noon, to the 3rd day of October, A. D.
1896, at noon, such loss or damage to be estimated accord-
ing to the actual cash value of said property at the time such
loss or damage should happen, and the said defendant not
being liable for an amount greater than three-fourths of
the actual cash value of each item of property insured (not
exceeding the amount insured on each item) at the time
immediately preceding such loss or damage; and in the
event of additional insurance permitted by said policy, then

292    SUPREME COURT OF FLORIDA,

Indian River St. Bk. v. Hartford Fire Ins. Co.—Statement of Case.

its proportion only of the three-fourths of such cash value of each item insured at the time of the fire, not exceeding the amount insured on each item; and the amount thereof to be payable sixty days after notice and proof of such loss or damage should be made by the insured in conformity to the conditions annexed to the said policy; and by its agreement filed with the Treasurer of the State of Florida, as a condition precedent to its doing business in said State, agreed that said loss should be payable and might be recovered by action in any county in which said defendant might have an agent doing its business of insurance.

The terms. stipulations and conditions of said policy are as follows, as well as those hereinbefore set forth:

Permitted to keep in building five barrels of kerosine or illuminating oil, of not less than U. S. standard of 110 degrees, and 50 pounds of gunpowder; neither to be handled or sold by artificial light.

Three-fourths value clause:—This insurance is effected subject to the three-fourths value clause as follows:

It is understood and agreed to be a condition of this insurance, that in the event of loss or damage by fire to the property insured under this policy, this company shall not be liable for an amount greater than three-fourths of the actual cash value of each item of property insured by this policy (not exceeding the amount insured on each such item) at the time immediately preceding such loss or damage; and in the event of additional insurance—if any is permitted hereon—then this company shall be liable for its proportion only of three-fourths such cash value of each item insured at the time of the fire, not exceeding the amount insured on each such item.

Iron safe clause:—Warranty to keep books and inventories, and to produce them in case of loss. The following covenant and warranty is hereby made a part of this policy:

1st. The assured will take a complete itemized inventory of stock on hand at least once in each calendar year,

and unless such inventory has been taken within twelve calendar months prior to the date of this policy, one shall be taken in detail within thirty days of issuance of this policy, or this policy shall be null and void from such date, and upon demand of the assured the unearned premium from such date shall be returned.

2d. The assured will keep a set of books which shall clearly and plainly present a complete record of business transacted, including all purchases, sales and shipments, both for cash and credit, from date of inventory as provided for in first section of this clause, and during the continuance of this policy.

3d. The assured will keep such books and inventory, and also the last preceding inventory, if such has been taken, securely locked in a fire proof safe at night, and at all time when the building mentioned in this policy is not actually opened for business; or failing in this, the assured will keep such books and inventories in some place not exposed to a fire which would destroy the aforesaid building.

In the event of failure to produce such set of books and inventories for the inspection of this company, this policy shall become null and void, and such failure shall constitute a perpetual bar to any recovery thereon.

Electric Light Permit:—Privilege to use electric lights in the above mentioned premises when the electric equipment is in full compliance with the standard of the Southeastern Tariff Association, but it is mutually understood and agreed that this policy shall not cover on said electric light apparatus and attachments, unless specifically and separately insured.

This company shall not be liable beyond the actual cash value of the property at the time any loss or damage occurs, and the loss or damage shall be ascertained or estimated according to such actual cash value with proper deduction for depreciation, however caused, and shall in no event exceed what it would then cost the insured to repair or

294      SUPREME COURT OF FLORIDA,

Indian River St. Bk. v. Hartford Fire Ins. Co.—Statement of Case.

replace the same with material of like kind and quality; said ascertainment or estimate shall be made by the insured and this company, or, if they differ, then by appraisers, as hereinbefore provided; and, the amount of loss or damage having been thus determined, the sum for which this policy is liable pursuant to this policy shall be payable sixty days after due notice, ascertainment, estimate and satisfactory proof of the loss have been received by this company, in accordance with the terms of this policy. It shall be optional, however, with this company to take all or any part of the articles at such ascertained or appraised value, and also to repair, rebuild or replace the property lost or damaged with other of like kind and quality within a reasonable time on giving notice, within thirty days after the receipt of the proof herein required, of its intention so to do; but there can be no abandonment to this company of the property described.

This entire policy shall be void if the insured has concealed or misrepresented, in writing or otherwise, any material fact or circumstance concerning this insurance or the subject thereof; or if the interest of the insured in the property be not truly stated herein; or in case of any fraud or false swearing by the insured touching any matter relating to this insurance or the subject thereof, whether before or after a loss.

This entire policy, unless otherwise provided by agreement endorsed hereon or added hereto, shall be void if the insured now has or shall hereafter make or procure any other contract of insurance, whether valid or not, on property covered in whole or in part by this policy; or if the subject of insurance be a manufacturing establishment and it be operated in whole or in part at night later than ten o'clock, or if it cease to be operated for more than ten consecutive days; or if the hazard be increased by any means within the control or knowledge of the insured; or if the mechanics be employed in building, altering or repairing the

VOL. 46, JUNE TERM, 1903.          295

Indian River St. Bk. v. Hartford Fire Ins. Co.—Statement of Case.

within described premises for more than fifteen days at any one time; or if the interest of the insured be other than unconditional and sole ownership; or if the subject of insurance be a building on ground not owned by the insured in fee simple; or if the subject of insurance be personal property and be or become incumbered by a chattel mortgage; or if, with the knowledge of the insured, foreclosure proceedings be commenced or notice given of sale of any property covered by this policy by virtue of any mortgage or trust deed; or if any change, other than by the death of an insured, take place in the interest, title or possession of the subject of insurance (except change of occupants without increase of hazard), whether by legal process or judgment or by voluntary act of the insured, or otherwise; or if this policy be assigned before a loss; or if illuminating gas or vapor be generated in the described building (or adjacent thereto) for use therein; or if (any usage or custom of trade or manufacture to the contrary notwithstanding) there be kept, used or allowed on the above described premises, benzine, benzole, dynamite, ether, fire-works, gasoline, greek fire, gunpowder, exceeding 25 pounds in quantity, naphtha, nitro-glycerine or other explosives, phosphorus or petroleum or any of its products of greater inflammability than kerosene oil of the United States standard (which last may be used for light and kept for sale according to law., but in quantities not exceeding five barrels, provided it be drawn and lamps filled by daylight, or at a distance not less than ten feet from artificial light), or if a building herein described, whether intended for occupancy by owner or tenant, be or become vacant or unoccupied and so remain for ten days.

This company shall not be liable for loss caused directly or indirectly by invasion, insurrection, riot, civil war or commotion, or military or usurped power, or by order of any civil authorities; or by theft; or by neglect of the insured to use all reasonable means to save and preserve the

property at and after a fire or when the property is endangered by fire in neighboring premises; or (unless fire ensues, and in that event, for the damage by fire only) by explosion of any kind, or lightning; but liability by direct damage by lightning may be assumed by specific agreement hereon.

If a building or any part thereof fall, except as the result of fire, all insurance by this policy on such building or its contents shall immediately cease.

This company shall not be liable for loss to accounts, bills, currency, deeds, evidences of debt, money, notes, or securities; nor, unless liability is specifically assumed hereon, for loss to awnings, bullion, casts, curiosities, drawings, dies, implements, jewels, manuscripts, medals, models, patterns, pictures, scientific apparatus, signs, store or office furniture or fixtures, sculpture, tools or property held on storage or for repairs, nor, beyond the actual value destroyed by fire, for loss occasioned by ordinance or law regulating construction or repair of building, or by interruption of business, manufacturing processes, or otherwise; nor for any greater proportion of the value of plate-glass, frescoes and decorations than that which this policy shall bear to the whole insurance on the building described.

If an application, survey, plan, or description of property be referred to in this policy it shall be a part of this contract and a warranty by the insured.

In any matter relating to this insurance no person, unless duly authorized in writing, shall be deemed the agent of this company.

This policy may, by a renewal, be continued under the original stipulation in consideration of premium for the renewed term, provided that any increase of hazard must be made known to this company at the time of renewal of this policy shall be void.

This policy shall be cancelled at any time at the request of the insured; or by the company by giving five days'

VOL. 46, JUNE TERM, 1903.        297

Indian River St. Bk. v. Hartford Fire Ins. Co.—Statement of Case.

notice of such cancellation.    If this policy shall be can-
celled as hereinbefore provided, or become void, or cease,
the premium having been actually paid, the unearned por-
tion shall be returned on surrender of this policy or last
renewal, this company retaining the customary short rates;
except that when this policy is cancelled by this company by
giving notice it shall retain only the pro rata premium.

If, with the consent of this company, an interest under
this policy shall exist in favor of a mortgagee or of any
person or corporation having an interest in the subject of
insurance other than the interest of the insured as described
herein, the conditions hereinbefore contained shall apply in
the manner express in such provisions and conditions of
insurance relating to such interest as shall be written upon,
attached, or appended hereto.

If property covered by this policy is so endangered by
fire as to require removal to a place of safety, and is so re-
moved, that part of this policy in excess of its proportion of
any loss and of the value of property remaining in the origi-
nal location shall, for the ensuing five days only, cover the
property so removed in the new location, if removed to more
than one location, such excess of this policy shall cover
therein for such five days in the proportion that the value
in any one such new location bears to the value in all such
new locations, but this company shall not, in any case of
removal, whether to one or more locations, be liable beyond
the proportion that the amount hereby insured shall bear to
the total insurance on the whole property at the time of fire,
whether the same cover in new location or not.

If fire occur the insured shall give immediate notice of
any loss thereby in writing to this company, protect the
property from further damage, forthwith separate the dam-
aged and undamaged personal property, put it in the best
possible order, make a complete inventory of the same stat-
ing the quantity and cost of each article and the amount
claimed thereon, and, within sixty days after the fire, unless

298     SUPREME COURT OF FLORIDA,

Indian River St. Bk. v. Hartford Fire Ins. Co.—Statement of Case.

such time is extended in writing by this company, shall render a statement to this company, signed and sworn to by said insured, stating the knowledge and belief of the insured as to the time and origin of the fire; the interest of the insured and of all others in the property; the cash value of each item thereof, and the amount of loss thereon; all incumbrances thereon; all other insurance, whether valid or not, covering any of said property; and a copy of all the descriptions and schedules in all policies; any changes in the title, use, occupation, location, possession or exposures of said property since the issuing of this policy; by whom and for what purpose any building herein described and the several parts thereof were occupied at the time of fire; and shall furnish, if required, verified plans and specifications of any building, fixtures, or machinery destroyed or damaged; and shall also, if required, furnish a certificate of the magistrate or notary public (not interested in the claim as a creditor or otherwise, nor related to the insured) living nearest the place of fire, stating that he has examined the circumstances and believes the insured has honestly sustained loss to the amount that such magistrate or notary public shall certify.

The insured, as often as required, shall exhibit to any person designated by this company all that remains of any property herein described, and submit to examinations under oath by any person named by this company, and subscribe the same; and, as often as required, shall produce for examination all books of account, bills, invoices and other vouchers, or certified copies thereof if original be lost, at such reasonable place as may be designated by this company or its representative, and shall permit extracts and copies thereof to be made.

In the event of disagreement as to the amount of loss the same shall, as provided, be ascertained by two competent and disinterested appraisers, the insured and this company each selecting one, and the two so chosen shall first select a competent and disinterested umpire; the appraisers together .

shall then estimate and appraise the loss, stating separately sound value and damage, and, failing to agree, shall submit their differences to the umpire; and the award in writing of any two shall determine the amount of such loss; the parties thereto shall pay the appraiser respectively selected by them and shall bear equally the expenses of the appraisal and umpire.

This company shall not be held to have waived any provision or condition of this policy or any forfeiture thereof by any requirement, act or proceeding on its part relating to the appraisal or to any examination herein provided for; and the loss shall not become payable until sixty days after the notice, ascertainment, estimate and satisfactory proof of the loss herein required have been received by this company, including an award by appraisers when appraisal has been required.

This company shall not be liable under this policy for a greater proportion of any loss on the described property, or for loss by and expense of removal from the premises endangered by fire, than the amount hereby insured shall bear to the whole insurance, whether valid or not, or by solvent or insolvent insurers, covering such property, and the extent of the application of the insurance under this policy or of the contribution to be made by this company in case of loss, may be provided for by agreement or condition written hereon or attached or appended hereto. Liability for re-insurance shall be as specifically agreed herein.

If this company shall claim that the fire was caused by the act or neglect of any person or corporation, private or municipal, this company shall, on payment of the loss, be subrogated to the extent of such payment to all right of recovery by the insured for the loss resulting therefrom, and such right shall be assigned to this company by the insured on receiving such payment.

No suit or action on this policy for the recovery of any claim, shall be sustainable in any court of law or equity until after full compliance by the insured with all the foregoing

300 SUPREME COURT OF FLORIDA,

Indian River St. Bk. v. Hartford Fire Ins. Co.—Statement of Case.

requirements, nor unless commenced within twelve months next after the fire.

. Wherever in this policy the word "insured" occurs, it shall be held to include the legal representative of the insured, and wherever the word "loss" occurs it shall be deemed the equivalent of "loss or damage."

If this policy be made by a mutual or other company having special regulations lawfully applicable to its organization, membership, policies or contracts of insurance, such regulation shall apply to and form a part of this policy as the same may be written or printed upon, attached, or appended hereto.

This policy is made and accepted subject to the foregoing stipulations and conditions together with such other provisions, agreements, or conditions as may be endorsed hereon or added hereto, and no officer, agent or other representative of this company shall have power to waive any provision or condition of this policy except such as by the terms of this policy may be the subject of agreement indorsed hereon or added hereto, and as to such provisions and conditions no officer, agent or representative shall have such power or be deemed or held to have waived such provisions or conditions unless such waiver, if any, shall be written upon or attached hereto, nor shall any privilege or permission affecting the insurance under this policy exist or be claimed by the insured unless so written or attached.

And thereupon in consideration of the premises, and that the said Simon Hamburg had accepted said policy, and thereby promised the defendant to keep and perform all things in said policy contained on the part of the said Hamburg to be kept and performed, the defendant there promised the said Hamburg that it would keep and perform all things in said policy mentioned on its part to be kept and performed; and the defendant then and there became and was the insurer of the said Hamburg to the face value of said policy upon the said property as aforesaid.

VOL. 46, JUNE TERM, 1903.          301

Indian River St. Bk. v. Hartford Fire Ins. Co.—Statement of Case.

And the plaintiff further avers that at the time of the making of said policy and from thence until the happening of the loss and damage hereafter mentioned, the said Simon Hamburg had an interest in said property more than one-third greater than the total amount of the said sum so by defendant insured thereon, and the additional concurrent insurance underwritten thereon, and that his interest was the unconditional and sole ownership of the personal property, and also of the building and land on which it stood, in the said policy described and insured to said Hamburg as aforesaid.

And the plaintiff further avers that on the 12th day of December, A. D. 1895, at ten o'clock at night, the said property was entirely consumed and destroyed by fire, whereby the said Simon Hamburg then and there sustained loss and damage on the said property to an amount more than one-third greater than the total insurance underwritten by the defendant and other companies on said property, which said loss and damage did not happen by means of any invasion, insurrection, riot or civil commotion, or of any military or usurped power.

And plaintiff further avers that on the 13th day of December, 1895, after the loss aforesaid, the said Simon Hamburg assigned and delivered said policy to the plaintiff, the Indian River State Bank, to secure an indebtedness due said bank by him, and for collection as his agent, the said bank to collect said policy and deduct from the proceeds thereof the amount of said Hamburg's indebtedness up to the time of said collection, and to account to the said Hamburg for the balance, and said policy has never been redeemed, but is still in the custody of the said bank, which said bank, which is the pledgee thereof and is entitled to receive the full proceeds of said policy.

And plaintiff further alleges that at the time of the loss aforesaid, and at the time of the transaction with him hereafter averred, R. Freeman Hall was the agent of the defendant insurance company at Titusville, Florida, and at-

302        SUPREME COURT OF FLORIDA,

Indian River St. Bk. v. Hartford Fire Ins. Co.—Statement of Case.

tended and had full notice of said fire and was clothed with full authority to receive proposals for insurance, to receive money and countersign, issue and renew policies of insurance of said company, and that he was also, by a written agreement on file at Tallahassee, as a condition of its being permitted to do business in this State, agent of said company for the purpose of receiving service of process in any civil action against said company; and the said R. Freeman Hall by virtue of the authority conferred upon him by the defendant as above, and by the usual course of his dealings with the public in transacting the business of his said agency in accordance with his commission and under the laws of this State defining what acts constitute a person an agent of an insurance company, and pointing out upon whom demand for payment of losses by service of civil process shall be made, became and was the agent of the defendant with respect to his dealings with the plaintiff and with the insured Simon Hamburg next herein averred. That is to say, plaintiff avers that within a few days after the fire aforesaid through William M. Brown, its agent, and one of its directors, it notified said R. Freeman Hall of its possession of the policy herein sued upon, and of the assignment of said policy to it by Hamburg after the fire, and requested that the loss under said policy be paid to it and not to said Hamburg, whereupon said R. Freeman Hall declared to said Brown that the defendant company denied liability under said policy and would not pay the same. And within a few days, less than a week after said fire, the said Hall declared to Wm. H. Reeves, an attorney at law, and at that time representing the insured Simon Hamburg, upon inquiry made by said Reeves, acting for said Hamburg, and professing to said agent to be so acting, that the defendant company denied any liability under said policy. All of which declarations said Reeves communicated to said Hamburg and to the plaintiff. And by reason of the denial of liability by the defendant, the plaintiff was led to consider that it would be futile to attempt forthwith to procure the

VOL. 46, JUNE TERM, 1903.          303

Indian River St. Bk. v. Hartford Fire Ins. Co.—Statement of Case.

insured, the said Simon Hamburg, to comply with the conditions of said policy relating to the methods of adjustment and proofs of loss, but considered and herein avers that defendant waived the performance of said conditions by its denial of any liability under said policy, and repudiating its contract therein contained.

And plaintiff avers that the said Simon Hamburg has in all things observed, performed and fulfilled the conditions of said policy, and all agreements therein contained to be kept and performed upon his part, except as above stated, and that the performance of his agreement as to things to be done after the loss, as a condition precedent to its payment, in the matter of furnishing proofs of loss, etc., was waived by the defendant as above averred and from the time of said waiver the defendant became, and was indebted in the amount of said policy to the holder thereof, the plaintiff herein, but has not paid the same nor any part thereof. And plaintiff claims fifteen hundred dollars damages.

2. And for a second count in this behalf plaintiff says that the defendant entered into a contract of insurance with Simon Hamburg against loss by fire, for the consideration and containing the agreements and conditions set forth in the first count of this declaration, whereby it promised to pay to Simon Hamburg, the insured, in case of loss or damage by fire to the property insured, during the term of said policy the sum of $1000.00 as set forth in the first count, and on the 12th day of December, A. D. 1895, at ten o'clock at night, while said policy was in force, said property was entirely consumed by fire, as set forth specifically in the first count, and after the loss aforesaid, said policy was assigned and delivered in pledge to the plaintiff, which was authorized to receive the full proceeds thereof, as fully set forth in the first count. And plaintiff further avers that on the 13th day of December, the day after said fire, without his fault and against his will, the said Simon Hamburg was arrested and confined in jail until the 3rd day of March,

304        SUPREME COURT OF FLORIDA,

Indian River St. Bk. v. Hartford Fire Ins. Co.—Statement of Case.

1896, and his books of account, containing the inventories of his insured stock and other information necessary to making the proof of loss prescribed by said policy, were seized by the sheriff, and all access to said books was denied to the said Hamburg or to any one else, except the prosecuting officers, until the 8th day of March, 1896, when said Hamburg was liberated. That as soon as the insured, the said Simon Hamburg, was liberated and allowed access to the books necessary to be consulted, he began to prepare the statement of his loss required by said policy, and on or about the 13th day of March, 1896, said proof of loss was forwarded to the defendant and was received by defendant on or about March 15th, 1896; and plaintiff further avers that defendant made no objection to the form or sufficiency of said proof of loss, as a compliance with the conditions of said policy, except as to the matter of delay in presenting it, and thereby waived any other informalities that might exist in said proof; and plaintiff further avers that said proof, etc., was furnished by the insured as soon after the fire as possible.

And plaintiff further avers that the said Hamburg, the insured, and the said bank have in all things substantially observed and performed and fulfilled all and singular the matters and things which were on their part to be observed, performed and fulfilled according to the conditions, form and effect of said policy, and although said policy was due and payable to this plaintiff, as assignee thereof, of which fact defendant was duly notified sixty days after the receipt by defendant of the proof of loss, to-wit: on or about May 15th, 1896, on which date the loss became due and payable in the amount of one thousand dollars, yet the defendant has not paid to the plaintiff the said amount nor the interest thereon, nor any part of said obligation or interest, but refuses to do so, to the damage of the plaintiff of $1500.00 dollars and therefore it brings this suit.

3. And plaintiff sues defendant for money payable by defendant to the plaintiff, for interest on divers sums of

VOL. 46, JUNE TERM, 1903.       305

Indian River St. Bk. v. Hartford Fire Ins. Co.—Statement of Case.

money before that time forborne by the plaintiff to the defendant at his request, for divers spaces of time before then elapsed, in the sum of $250.00.

4.   And for a fourth count in this behalf plaintiff says that defendant entered into a contract of insurance with one Simon Hamburg, the terms and conditions of which are fully set forth in the first count which is referred to and made a part of this count, for the purpose of setting forth said contract; that the said Hamburg was the sole and unconditional owner of the property so insured; that on December 12th, 1895, at ten o'clock at night, the said property was entirely consumed and destroyed by fire whereby said Hamburg sustained loss and damage to an amount more than one-third greater than the total insurance underwritten by the defendant and other companies on said property, and became entitled to the full amount of said policy. That after said loss and damage aforesaid, to-wit: on or about December 13th, 1895, the said Hamburg assigned and delivered said policy to the plaintiff to secure an indebtedness due by him to the plaintiff, and for collection as his agent, the plaintiff to collect said policy and deduct from the proceeds thereof the amount of said Hamburg's indebtedness up to the time of said collection, and to account to said Hamburg for the balance, and said policy has never been redeemed but is still in the custody of the plaintiff, which is the pledgee thereof, and is entitled to receive the full proceeds of said policy. That said Hamburg in all things observed, performed and fulfilled the conditions of said policy up to the time of the said fire, and his assignment thereof to plaintiff, and the plaintiff immediately upon receiving the assignment of said policy notified the defendant thereof and that the amount due thereunder should be paid to the plaintiff, but the defendant thereupon denied all liability under said policy and repudiated its obligations thereunder, whereby, and by reason whereof said policy became immediately due and payable without performance of the conditions therein stipulated to be performed by the insured

306     SUPREME COURT OF FLORIDA,

Indian River St. Bk. v. Hartford Fire Ins. Co.—Statement of Case.

after loss, but the defendant has not paid the same and plaintiff claims fifteen hundred dollars damages.

5. And for a fifth count in this behalf plaintiff says that defendant entered into a contract of insurance with one Simon Hamburg as set forth in the fourth count; that said Hamburg was the sole and unconditional owner of the property so insured; that it was entirely destroyed by fire whereby said Hamburg sustained loss, as fully set forth in the fourth count; that after said fire the policy was assigned to the plaintiff as fully set out in the fourth count, and that said Hamburg, the insured, and the plaintiff have in all things observed, performed and fulfilled the conditions of said policy, but the defendant has not complied with its contract, but is indebted to the plaintiff in the amount of said policy, to-wit: $1000.00 and legal interest thereon from the commencement of this suit, and plaintiff claims fifteen hundred dollars damages.

ROBBINS & GRAHAM,<br>Attorneys for plaintiff.

CAUSE OF ACTION.

The original policy on which this declaration is founded is on file in this suit.

The policy here referred to is as follows:

Number 326.          The          Dollars $1000.00.
HARTFORD FIRE INSURANCE COMPANY<br>Incorporated 1810.<br>Charter Perpetual.<br>Hartford, Conn.

In consideration of the stipulations herein named and of forty-three and 75-100 dollars premium does insure Simon Hamburg of Titusville, Florida, for the term of one year from the 3rd day of October, 1895, at noon, to the 3rd day of October, 1896, at noon, against all direct loss or damage by fire, execpt as hereinafter provided, to an amount not exceeding one thousand dollars, to the following described property while located and contained as described

VOL. 46, JUNE TERM, 1903.          307

Indian River St. Bk. v. Hartford Fire Ins. Co.—Statement of Case.

herein and not elsewhere, to-wit: as per slips attached hereto and forming part of this policy, *viz*: $500.00 on his two story metal roof frame building, including awnings, while occupied by assured as dry goods, clothing, furniture and millinery store situate on the northwest corner of Main street and Washington avenue in Titusville, Florida.

$ None on store and office furniture and fixtures, including iron safe, while contained in above described building,

$500.00 on his stock of merchandise, consisting chiefly of dry coods, clothing, furniture, millinery and such other merchandise kept for sale by assured usual to his trade, while contained in above described building. Electric light permit attached to policy.

This insurance is also effected subject to the three-fourths value clause as follows: It is understood and agreed to be a condition of this insurance that, in the event of loss or damage by fire to the property insured under this policy, this company shall not be liable for an amount greater than three-fourths of the actual cash value of each item of property insured by this policy (not exceeding the amount insured on each such item) at the time immediately preceding such loss or damage; and in the event of additional insurance—if any is permitted hereon—then this company shall be liable for its proportion of three-fourths such cash value of each item insured at the time of the fire, not exceeding the amount insured on each such item.

Warranty to keep books and inventories and to produce them in case of loss. The following covenant and warranty is hereby made a part of this policy:

1st. The assured will take a complete itemized inventory of stock on hand at least once in each calendar year, and, unless such inventory has been taken within twelve calendar months prior to the date of this policy, one shall be taken in detail within thirty days of issuance of this policy, or this policy shall be null and void from such date, and upon demand of the assured, the unearned premium from such date shall be returned.

308 . SUPREME COURT OF FLORIDA,

Indian River St. Bk. v. Hartford Fire Ins. Co.—Statement of Case.

2d. The assured will keep a set of books which shall clearly and plainly present a complete record of business transacted including all purchases, sales and shipments both of cash and credit from date of inventory, as provided in first section of this clause, and during the continuance of this policy.

3d. The assured will keep such books and inventory, and also the last preceding inventory, if such has been taken, securely locked in fire proof safe at night, and at all times when the building mentioned in this policy is not actually open for business; or failing in this, the assured will keep such books and inventories in some place not exposed to fire which would destroy the aforesaid building.

In the event of failure to produce such set of books and inventories for the inspection of this company, this policy shall become null and void, and such failure shall constitute a perpetual bar to any recovery thereon.

Permitted to keep in store five barrels of kerosine oil, of not less than U. S. standard of 110 degrees, and fifty pounds of gunpowder; neither to be handled or sold within fifteen feet of any artificial light.

$8500.00 other insurance permitted, warranted to be concurrent herewith. Attached to and forming part of policy No. 326 of the Hartford Insurance Company.

HALL & WRIGHT, Agent.

ELECTRIC LIGHT PERMIT.

Privilege to use electric lights in the above mentioned premises when the electric equipment is in full compliance with the standard of the Southeastern Tariff Association, but it is mutually understood and agreed that this policy shall not cover on said electric light apparatus and attachments, unless specifically and separately insured.

Attached to and forming part of policy No, 326, Hartford Fire Insurance Co.

HALL & WRIGHT, Agent.

This company shall not be liable beyond the actual cash value of the property at the time any loss or damage occurs,

VOL. 46, JUNE TERM, 1903.     309

Indian River St. Bk. v. Hartford Fire Ins. Co.—Statement of Case.

and the loss or damage shall be ascertained or estimated according to such actual cash value, with proper deduction for depreciation, however caused, and shall in no event exceed what it would then cost the insured to repair or replace the same with material of like kind and quality; said ascertainment or estimate shall be made by the insured and this company, or, if they differ, then by appraisers, as hereinafter provided; and, the amount of loss or damage having been thus determined, the sum for ·which this company is liable pursuant to this policy shall be payable sixty days after due notice, ascertainment, estimate, and satisfactory proof of the loss have been received by this company in accordance with the terms of this policy. It shall be optional, however, with this company to take all, or any part of the articles at such ascertainment or appraised value, and also to repair, rebuild or replace the property lost or damaged with other of like kind and quality within a reasonable time on giving notice, within thirty days after the receipt of the proofs herein required, or its intention so to· do; but there can be no abandonment to this company of the property described.

This entire policy shall be void if the insured has concealed or misrepresented, and writing or otherwise, any material fact or circumstance concerning this insurance or the subject thereof; or if the interest of the insured in the property be not truly stated herein; or in case of any fraud or false swearing by the insured touching any matter relating to this insurance or the subject thereof, whether before or after a loss.

This entire policy, unless otherwise provided by agreement indorsed hereon or added hereto, shall be void if the insured now has or shall hereafter make or procure any other contract of insurance, whether valid or not, on property covered in whole or in part by this policy; or if the subject of insurance be a manufacturing establishment and it be operated in whole or in part at night later than ten o'clock, or if it cease to operate for more than ten con-

310    SUPREME COURT OF FLORIDA,

Indian River St. Bk. v. Hartford Fire Ins. Co.—Statement of Case.

secutive days; or if the hazard be increased by any means within the control or knowledge of the insured; or if mechanics be employed in building, altering or repairing the within described premises for more than fifteen days at any one time; or if the interest of the insured be other than unconditional and sole ownership; or if the subject of insurance be a building on ground not owned by the insured in fee simple; or if the subject of insurance be personal property and be or become incumbered by a chattel mortgage; or if, with the knowledge of the insured, foreclosure proceedings be commenced or notice given of sale of any property covered by this policy by virture of any mortgage or trust deed; or if any change, other than by the death of an insured, take place in the interest, title or possession of the subject of insurance (except change of occupant without increase of hazard), whether by legal process or judgment or voluntary act of the insured, or otherwise; or if this policy be assigned before a loss; or if illuminating gas or vapor be generated in the described building (or adjacent thereto) for use therein; or if (any usage or custom of trade or manufacture to the contrary notwithstanding) there be kept, used or allowed on the above described premises, benzine, benzole, dynamite, ether, fireworks, gasoline, greek fire, gunpowder exceeding twenty-five pounds in quantity, naphtha, nitro-glycerine or other explosives, phosphorus or petroleum or any of its products of greater inflammability than kerosene oil of the United States standard (which last may be used for lights and kept for sale according to law but in quantities not exceeding five barrels, provided it be drawn and lamps filled by daylight or at a distance not less than ten feet from artificial light) ; or if a building herein described, whether intended for occupany by owner or tenant, be or become vacant or unoccupied and so remain for ten days.

This company shall not be liable for loss caused directly or indirectly by invasion, insurrection, riot, civil war or commotion, or military or usurped power, or by order

of any civil authority; or by theft; or by neglect of the insured to use all reasonable means to save and preserve the property at and after a fire or when the property is endangered by fire in neighboring premises; or (unless fire ensues, and in that event, for the damage by fire only) by explosion of any kind, or lightning; but liability for direct damage by lightning may be assumed by specific agreement hereon.

If the building or any part thereof fall, except as the result of fire, all insurance by this policy on such building or its contents shall immediately cease.

This company shall not be liable for loss to accounts, bills, currency, deeds, evidences of debt, money, notes, or securities; nor, unless liability is specifically assumed hereon, for loss to awnings, bullion, cases, curiosities, drawings, dies, implements, jewels, manuscripts, medals, models, patterns, pictures, scientific apparatus, signs, store or office furniture or fixtures, sculpture, tools or property held on storage or for repairs; nor beyond the actual value destroyed by fire, by loss occasioned by ordinance or law regulating construction or repair of buildings, or by interruption of business, manufacturing process, or otherwise; nor for any greater proportion of the value of plate-glass, frescoes, and decorations than that which this policy shall bear to the whole insurance on the building described.

If an application, survey, plan or description of property be referred to in this policy it shall be a part of this contract and a warranty by the insured.

In any matter relating to this insurance no person, unless duly authorized in writing, shall be deemed the agent of this company.

This policy may by a renewal be continued under the original stipulations, in consideration of premium for the renewed term, provided that any increase of hazard must be made known to this company at the time of renewal or this policy shall be void.

This policy shall be cancelled at any time at the request of the insured; or by the company by giving five days' notice of such cancellation.  If this policy shall be cancelled as hereinbefore provided, or become void or cease, the premium having been actually paid, the unearned portion shall be returned on surrender of this policy or last renewal, this company retaining the customary short rate; except that when this policy is cancelled by this company by giving notice it shall retain only the pro rata premium.

If, with the consent of this company, an interest under this policy shall exist in favor of the mortgagee or any person or corporation having an interest in the subject of insurance other than the interest of the insured as described herein, the conditions hereinbefore contained shall apply in the manner expressed in such provisions and conditions of insurance relating to such interest as shall be written upon, attached or appended hereto.

If property covered by this policy is so endangered by fire as to require removal to a place of safety, and is so removed, that part of this policy, in excess of its proportion of any loss and of the value of property remaining in the original location, shall, for the ensuing five days only, cover the property so removed in the new location; if removed to more than one location, such excess of this policy shall cover therein for such five days in the proportion that the value of any one such new location bears to the value of in all such new locations; but this company shall not, in any case of removal whether to one or more locations, be liable beyond the proportion that the amount hereby insured shall bear to the total insurance on the whole property at the time of fire, whether the same cover in new location or not.

If fire occur the insured shall give immediate notice of any loss thereby in writing to this company, protect the property from further damage, forthwith separate the damaged and undamaged personal property, put it in the best possible order, make a complete inventory of the same, stating the quantity and cost of each article and the amount

claimed thereon; and within sixty days after the fire, unless such time is extended in writing by this company, shall render a statement to this company, signed and sworn to by said insured, stating the knowledge and belief of the insured as to the time and origin of the fire; the interest of the insured and of all others in the property; the cash value of each item thereof and the amount of loss thereon; all incumbrances theron; all other insurance whether valid or not, covering any of said property; and a copy of all the descriptions and schedules in all policies; any changes in the title, use, occupation, location, possession or exposures of said property since the issuing of this policy; by whom and for what purpose any building herein described and the several parts thereof were occupied at the time of the fire; and shall furnish, if required, verified plans and specifications of any building, fixtures or machinery destroyed or damaged; and shall also, if required, furnish a certificate of the magistrate or notary public (not interested in the claim as a creditor or otherwise, nor related to the insured) living nearest the place of fire, stating that he had examined the circumstances and believes the insured has honestly sustained loss to the amount that such magistrate or notary public shall certify.

The insured, as often as required, shall exhibit to any person designated by this company all that remains of any property herein described, and submit to examinations under oath by any person named by this company, and subscribe the same; and, as often as required, shall produce for examination all books of accounts, bills, invoices and other vouchers, or certified copies thereof if originals be lost, at such reasonable place as may be designated by this company or its representative, and shall permit extracts and copies thereof to be made.

In the event of disagreement as to the amount of loss the same shall, as above provided, be ascertained by two competent and disinterested appraisers, the insured and this company each selecting one, and the two so chosen shall

314    SUPREME COURT OF FLORIDA,

Indian River St. Bk. v. Hartford Fire Ins. Co.—Statement of Case.

first select a competent and disinterested umpire; the appraisers together shall then estimate and appraise the loss stating separately sound value and damage, and, failing to agree, shall submit their differences to the umpire; and the award in writing of any two shall determine the amount of such loss; the parties thereto shall pay the appraisers respectively selected by them and shall bear equally the expenses of the appraisal and umpire.

This company shall not be held to have waived any provision or condition of this policy or any forfeiture thereof by any requirement, act or proceeding on its part relating to the appraisal or to any examination herein provided for; and the loss shall not become payable until sixty days after the notice, ascertainment, estimate and satisfactory proof of the loss herein required have been received by this company, including an award by appraisers when appraisal has been required.

This company shall not be liable under this policy for a greater proportion of any loss on the described property, or for loss by the expense of removal from premises endangered by fire, than the amount hereby insured shall bear to the whole insurance, whether valid or not, or by solvent or insolvent insurers, covering such property, and the extent of the application of the insurance under this policy or of the contribution to be made by this company in case of loss, may be provided for by agreement or condition written hereon or attached or appended hereto.    Liability for re-insurance shall be as specifically agreed hereon.

If this company shall claim that the fire was caused by the act or neglect of any person or corporation, private or municipal, this company shall on payment of the loss, be subrogated to the extent of such payment to all right of recovery by the insured for the loss resulting therefrom, and such right shall be assigned to this company by the insured on receiving such payment.

VOL. 46, JUNE TERM, 1903. 315

Indian River St. Bk. v. Hartford Fire Ins. Co.—Statement of Case.

No suit or action on this policy for the recovery of any claim, shall be sustainable in any court of law or equity until after full compliance by the insured with all the foregoing requirements, nor unless commenced within twelve months next after the fire.

Wherever in this policy the word "insured" occurs, it shall be held to include the legal representative of the insured, and wherever the word "loss" occurs it shall be deemed the equivalent of "loss or damage."

If this policy be made by a mutual or other company having special regulations lawfully applicable to its organization, membership policies or contracts of insurance, such regulations shall apply to and form a part of this policy as the same may be written or printed upon, attached or appended hereto.

This policy is made and accepted subject to the foregoing stipulations and conditions together with such other provisions, agreements or conditions as may be endorsed hereon or added hereto, and no officer, agent or other representative of this company shall have power to waive any condition or provision of this policy except such as by the terms of this policy may be the subject of agreement indorsed hereon or added hereto, and as to such provisions and conditions no officer, agent or representative shall have such power or be deemed or held to have waived such conditions or provisions unless such waiver, if any, shall be written upon or attached hereto, nor shall any privilege or permission affecting the insurance under this policy exist or be claimed by the insured unless so written or attached.

In testimony whereof, this company has executed and attested these presents this 3rd day of October, 1895.

This policy shall not be valid until countersigned by the duly authorized agent of the company at Titusville, Fla.

P. C. ROYCE, Secretary.     GEO. L. CHASE, President.

Countersigned by Hall & Wright, Agent."

To this amended declaration the defendant filed the following demurrer:

316     SUPREME COURT OF FLORIDA,

Indian River St. Bk. v. Hartford Fire Ins. Co.—Statement of Case.

"Indian River State Bank

vs.

The Hartford Fire Insurance Company, etc.

The defendant, by its attorneys, A. W. Cockrell & Son, demur to the pleading styled 'Amended Declaration' filed December 13, 1898, and to the 1st, 2nd, 4th and 5th counts therein, severally, upon the following several grounds applied to each count:

1. Upon the allegations therein set up the plaintiff has stated no cause of action against the defendant.

2. The policy, made part of the declaration, shows that the entire policy shall be void if the subject of insurance be a building on ground not owned by the insured in fee simple, yet it is averred that the subject of insurance was in part a building, and it is not averred the insured was the owner of the ground in fee simple.

3. The policy, made part of the declaration, shows that the entire policy shall be void if the subject of insurance be personal property and be or become encumbered by a chattel mortgage, yet it is averred that the subject of insurance was in part personal property and it is not averred the same was and remained unencumbered by a chattel mortgage.

4. The policy provides that no suit or action on this policy for the recovery of any claim, shall be sustained in any court of law or equity, unless commenced within twelve months next after the fire, and the pleadings and files before this court show that more than twelve months have elapsed since the alleged fire and the bringing of this action.

5. That the said amended declaration is a departure from the original declaration filed herein and the subsequent amended declarations, as appears by the files herein.

6. The issuable averments set forth in the first count in said amended declaration do not show that the said R. Freeman Hall was the agent of this defendant in the matter of the adjustment of loss or the acceptance or refusal to accept proofs of loss, nor that knowledge of the alleged

VOL. 46, JUNE TERM, 1903.            317

Indian River St. Bk. v. Hartford Fire Ins. Co.—Statement of Case.

denial of liability was brought home to this defendant, or that the said Hamburg, or the plaintiff, was misled by the alleged acts of said Hall.

7.   The only fact set up in the second count in said amended declaration, upon which is predicated the disability of the said Hamburg or the plaintiff to make proof required within the time required by the conditions of the policy sued on, is the bare fact of the imprisonment of the said Hamburg; from which bare fact the conclusion of disability does not follow as matter of law.

8.   It is averred in said second count that after the loss aforesaid policy sued on was assigned and delivered in pledge to the plaintiff, and it does not appear that the plaintiff was disabled to make the proof required within the time required; nor that said plaintiff neglected or failed to make such proof in reliance upon any conduct, act or declaration of this defendant.

9.   The said counts do not set forth facts showing the validity of the policy in its inception.

10.   The 1st and 2nd counts are inconsistent in this, that in the 1st it is alleged that the proof of loss as required by the policy was not given because by denial of liability such proof was waived, and in the second it is alleged such proof was not given because Hamburg immediately after the fire was confined in jail and denied access to his books.

And at the same time the defendant filed the following pleas:

Subject to the foregoing demurrers and insisting thereon, this defendant, for its several pleas to the 1st, 2nd, 4th and 5th counts, severally says:

1.   That said action was not commenced within twelve months next after the fire.

2.   That the interest of the said Hamburg was not the unconditional and sole ownership of the personal property, and also of the building and land on which it stood, as therein alleged.

318    SUPREME COURT OF FLORIDA,

Indian River St. Bk. v. Hartford Fire Ins. Co.—Statement of Case.

3.  The said Hamburg or the said plaintiff did not within sixty days after the fire render to defendant the statement required by the policy, signed and sworn to by the said Hamburg or the said plaintiff; nor was either of them prevented from so doing by any declaration or act of this defendant, nor by the act or declaration of its authorized agent; nor was said failure to so render such statement induced by any act or declaration of this defendant, nor by said Hamburg's or said plaintiff's reliance on any such act or declaration of this defendant or of its authorized agent.

4.  The alleged imprisonment of said Hamburg and detention of books set up in the declaration, did not prevent the said Hamburg or the said plaintiff from furnishing this defendant such a statement of loss as the nature of the case might admit and was in their power to furnish, in either of the following particulars, to-wit:

(a)  A sworn statement by assured of his knowledge and belief of the time and origin of the fire.

(b)  The interest of the assured and of all others in the property.

(c)  All incumbrances.

(d)  All other insurance, whether valid or not.

(e)  All changes in the title, use or exposure of the property. And that a statement in respect of said particulars, or either of them was not furnished by plaintiff or said Hamburg as required by said policy.

5.  That the said R. Freeman Hall had no authority from this defendant to declare this defendant would not pay said loss.

6.  This defendant says it is not true as alleged that this defendant did not object to the form or sufficiency of the alleged proof of loss; but on the contrary this defendant avers the fact to be that it did so object and declined to accept said proof and informed in writing the said Indian River State Bank of such objections and the said alleged proofs were not corrected so as to meet those objections.

VOL. 46, JUNE TERM, 1903.                319

Indian River St. Bk. v. Hartford Fire Ins. Co.—Statement of Case.

7. This defendant says that the said imprisonment and detention were not without fault on the part of the said Hamburg; but on the contrary were caused by the said Hamburg's own wrongful acts.

8. This defendant says it is not true that the said Hamburg on December 13, 1895, by a written assignment endorsed on said policy, pledged said policy to the Indian River State Bank, as averred in said declaration.

9. This defendant says that said Indian River State Bank was not when this suit was instituted, the sole usee of said policy.

10. This defendant says the said burning and loss by fire were caused by the said Hamburg, in setting the said property so destroyed on fire.

11. That said Hamburg did not have such an estate and interest in the subject-matter of insurance as to entitle him to indemnity against the loss thereof by fire, as provided by the terms of the policy sued on.

12. It is not true that the said R. Freeman Hall, as the agent of this defendant, declared that this defendant denied liability at the time and as set up in said declaration.

For its several pleas to the third count in said amended declaration this defendant severally says:

1. It never was indebted as alleged.

2. That in the amended declaration filed herein March 7, 1898, the said plaintiff, suing under the style of "Simon Hamburg for the use and benefit of the Indian River State Bank" against this defendant, did declare as the third count therein that this defendant was indebted for money payable by the defendant to the plaintiff for interest on divers sums of money before that time forborne by the plaintiff to the defendant at his request, for divers spaces of time before then elapsed in the sum of $200.00, and such proceedings were had thereon that on the 10th day of December, 1898, the said count was dismissed from said declaration as appears from the records and files of this court herein.

320    SUPREME COURT OF FLORIDA,

Indian River St. Bk. v. Hartford Fire Ins. Co.—Statement of Case.

3. That the action hereon was not commenced within twelve months next after the fire.

4. That the alleged cause of action did not accrue within three years before the filing of this amended declaration."

To these pleas the plaintiff demurred as follows:

Indian River State Bank

vs.

Hartford Fire Insurance Company.

Now comes the plaintiff by Robbins and Graham, its attorneys, and demurs severally to each of the defendant's pleas, and says that each of the said pleas is bad in substance.                              ROBBINS & GRAHAM,
                                   Attorneys for Plaintiff.

I, George M. Robbins, of counsel for the plaintiff, do hereby certify that in my opinion the foregoing demurrers are well founded in law.          GEO. M. ROBBINS.

STATE OF FLORIDA,
Brevard County.

On this 21st day of December, A. D. 1898, personally came before me George M. Robbins to me personally known, who, being duly sworn, deposes and says that affiant is the attorney of the plaintiff in the above entitled suit and that the foregoing demurrers are not interposed for delay.

Sworn to and subscribed before me
this 21st day of Dec., A. D. 1898.

                    FREDERICK A. MORGAN, (N. P. Seal.)

SUBSTANTIAL MATTERS OF LAW INTENDED TO BE ARGUED.

1. Each plea, except those specially designated as pleas to the third count, is pleaded to the first, second, fourth and fifth counts, and if recovery could be had under any one of these four counts, even though the plea were true, it is not a good plea to the declaration.

2. The commencement of the action within twelve months next after the fire is not essential to the right of action.

VOL. 46, JUNE TERM, 1903.                   321

Indian River St. Bk. v. Hartford Fire Ins. Co.—Statement of Case.

3. That the plea averring that the plaintiff did not within sixty days render to the defendant a proof of loss, and that such failure was not induced by any act or declaration of the defendant is not a good defense to the second count of plaintiff's declaration, which shows a valid excuse for delay, nor to the 5th count as the submission of proof *within* 60 *days* is not essential to recovery.

4. That said plea as to failure to produce proofs of loss within sixty days, etc., is not good as to the first and fourth counts, because it denies that the waiver, of proofs alleged in the declaration was made by an *authorized* agent of the defendant, whereas the company is bound to the plaintiff by the act of its agent apparently coming within the scope of his agency, even though as between the defendant and the said agent there was no authority for the agent to perform the act.

5. That the said plea as to proofs of loss, etc., is not a good defense to the fifth count as it does not negative the substantial compliance with the conditions of the policy therein averred.

6. That the plea setting up the failure of the plaintiff to furnish a partial proof of loss, containing the items set up under the letters a, b, c, d and e, is not a defense to the first and fourth counts which set up an entire waiver of the proofs of loss.

7. That the said plea is not a defense to the second count, because there is nothing in the policy sued upon requiring insured to furnish a partial proof of loss within sixty days, in case he is unable to furnish the proof required by the policy.

8. That it is not a good defense to the fifth count, because it does not negative substantial compliance with the conditions of the policy therein alleged.

9. That there was nothing in the policy permitting or requiring a proof of loss to be furnished by any other than the insured.

10. The plea that the agent of the company alleged to

46 Fla.—12

322        SUPREME COURT OF FLORIDA,

Indian River St. Bk. v. Hartford Fire Ins. Co.—Statement of Case.

have declared that the defendant would not pay the loss, had no authority to thus declare is not a defense to the second and fifth counts, which do not rely upon such waiver for a cause of action.

11. That the said plea is not a good defense to the first and fourth counts, because the fact that the company did not expressly delegate to the agent the authority assumed by him, would not absolve the company from responsibility for his act which is shown by the first and fourth counts to have been within the scope of his apparent authority.

12. Section 2224, as amended by chapter 4380 of the laws of Florida, makes the agent as described in the declaration, an agent or representative of the defendant to all intents and purposes as to the public regardless of the powers which may have been confirmed upon said agent by the company itself.

13. The declaration shows that the agent who is alleged to have made the waiver, had authority to issue policies for the defendant, and this authority is admitted by the pleas, as they do not deny it, and it is a rule of law that in their relations with the general public such agents are general agents of the defendant insurance company and may waive proof of loss under the policy.

14. The plea of defendant averring that defendant had objected to the form and sufficiency of the proof of loss furnished, and that the proofs were not correct so as to meet such objections, is insufficient in that it does not set up what said objections were, so as to enable plaintiff to file replication to such plea, putting in issue any specific facts.

15. Said plea is not a defense to the first and fourth counts of the declaration where a good cause of action is stated regardless of the furnishing of proofs.

16. The plea that Hamburg's imprisonment was caused by his own wrongful acts is not a good defense to the first and fourth counts which depend upon the waiver of the proofs of loss.

VOL. 46, JUNE TERM, 1903.                 323

Indian River St. Bk. v. Hartford Fire Ins. Co.—Statement of Case.

17. Neither is it a good plea to the second and fifth counts, because if the insured is unable from circumstances beyond his control, and not foreseen by him to furnish proofs of loss within the time stipulated, the furnishing within the time stipulated is excused, even though plaintiff may be blamable for his misfortune.

18. Again the plea is not good because it does not set out any specific wrongful acts on the part of the said insured upon which plaintiff can take issue.

19. The plea that it is not true that the said Hamburg, on December 13th, 1895, by a written assignment *endorsed on said policy,* pledged said policy to the IndianRiver State Bank, does not take issue upon any allegations in the declaration. The declaration does not state that the assignment was endorsed on the policy.

20. The plea that the plaintiff was not, when the suit was instituted, the sole usee of the policy, does not take issue upon any allegation in the declaration, but tends to make a false issue.

21. The plea that the loss was caused by said Hamburg in setting the said property so destroyed on fire, is not a good defense because it does not allege that said setting on fire was done intentionally, and does not exclude the case of the setting fire by accident which would not relieve defendant from liability.

22. The plea that Hamburg did not have such an estate and interest in the subject-matter of insurance as to entitle him to indemnity against the loss thereof by fire, is so vague and indefinite that it does not present a clear and distinct issue for adjudication, and is not in compliance with section 1045 of the Revised Statutes which requires defendant to specify in his pleading the condition precedent, the performance of which he intends to contest.

23. Defendant's plea that it is not true that R. Freeman Hall as the *agent of the defendant* declared that defendant denied liability is bad for ambiguity, because on a traverse of this plea it could not be determined whether the issue was

324    SUPREME COURT OF FLORIDA,

Indian River St. Bk. v. Hartford Fire Ins. Co.—Statement of Case.

as to R. Freeman Hall having made the denial at all, or whether the issue *was* as to whether he acted *as agent* when he made the denial.

24. This plea is also bad as a defense to the second and fifth counts which do not depend upon the question of waiver.

25. Defendant's plea to the third count which is for interest is not good because interest follows as a matter of damages for the detention of the money due under the policy, and because the clerk had no right to decide *ex parte* that the insurance policies filed as a cause of action sued upon did not support the count for interest, and his action in striking said count from the former declaration was of no effect.

26. Other good and sufficient grounds apparent on the face of the pleas.

Upon the hearing of these several demurrers the following final judgment was entered:

Indian River State Bank, Plaintiff,

v.

Hartford Fire Insurance Co., a corporation, etc.

The Honorable, the Judge of the Circuit Court of the Seventh Judicial Circuit of the State of Florida, being disqualified by reason of having been of counsel herein, this day came the parties, and said cause was submitted to the undersigned judge of the 4th Judicial Circuit of the State of Florida, upon defendant's demurrer to the 3rd amended declaration filed herein December 13th, 1898, and upon plaintiff's demurrer to defendant's pleas filed herein:

It is now, therefore, upon consideration thereof, upon briefs presented by the parties herein, considered and adjudged that the demurrer of defendant to the 1st, 2nd, 4th and 5th counts of plaintiff's said declaration be and the same is hereby sustained.

It is further considered that the defendant is entitled to judgment final on said demurrer, as to the 1st, 2nd, 4th and 5th counts of said declaration.

VOL. 46, JUNE TERM, 1903. 325

Indian River St. Bk. v. Hartford Fire Ins. Co.—Opinion of Court.

It is further considered that plaintiff's demurrer to defendant's pleas to the 3rd count in plaintiff's declaration is not well taken, and is, therefore, overruled; and that defendant is entitled to judgment final as to said count, upon the overruling of plaintiff's said demurrer.

It is, therefore, considered that the defendant go hence without day and recover of the plaintiff its costs in this behalf expended to be taxed by the clerk.

January 5, 1899.                          R. M. CALL,
                              Judge 4th Circuit of Florida."

From this judgment the Indian River State Bank sues out this writ of error to this court.

*Geo. M. Robbins* and *Geo. P. Raney* for plaintiff in error.

*A. W. Cockrell & Son* for defendant in error.

TAYLOR, C. J. (*after stating the facts*).—The propriety of the amendments allowed and effected, whereby Simon Hamburg was changed from co-plaintiff to sole nominal plaintiff suing for the use of his former co-plaintiff, the Indian River State Bank, and whereby again the said Simon Hamburg was dropped from the case as nominal plaintiff and his usee, the Indian River State Bank, substituted as the real and only plaintiff, has been fully considered and passed upon, adversely to the contention of the defendant in error, in the case of *Hamburg v. Liverpool & London & Globe Ins. Co.,* 42 Fla. 86, 27 South. Rep. 872, wherein it is held that such amendments can properly be made under our statute, and that the orders of the court permitting amendments to the declaration were broad enough to authorize the amendments as they have been made in this case.

It is next contended by the defendant in error in support of the ruling of the court below sustaining its demurrer to the last quoted declaration of the plaintiff, the Indian River State Bank, that such bank shows by its declaration

326    SUPREME COURT OF FLORIDA,

Indian River St. Bk. v. Hartford Fire Ins. Co.—Opinion of Court.

that it has no legal right to maintain the action in its own name, because such declaration shows that the alleged assignment of the policy of insurance sued upon was not an absolute one, but conditional only as a security for an alleged debt due by Hamburg, the insured, to the bank; and that such an assignment, under our statute declaring all instruments given as security for debts to be mortgages, did not authorize the bank, as mortgagee of this policy, to sue upon or collect the same in its own name, but that under such statute the legal title to such policy remained in the mortgagor thereof, Simon Hamburg, and that he alone was authorized to sue upon and collect the same. This contention is untenable. The first count of the plaintiff's declaration alleges with reference to such assignment as follows: "The said Simon Hamburg assigned and delivered said policy to the plaintiff, the Indian River State Bank, to secure an indebtedness due said bank by him, and for collection as his agent, the said bank to collect said policy and deduct from the proceeds thereof the amount of said Hamburg's indebtedness up to the time of said collection, and to account to the said Hamburg for the balance, and said policy has never been redeemed, but is still in the custody of the said bank, which is the pledgee thereof and is entitled to receive the full proceeds of said policy." It will be observed that it is here distinctly alleged that Hamburg *assigned* and *delivered* the policy to the assignee bank *with authority to collect* the same and to appropriate out of the proceeds of such collection the debt due from him to the bank, the balance, if any, to be accounted for by the bank to Hamburg. Whether this assignment was *in writing* or not does not appear; but however this may be, we think that it is shown from the allegations of this declaration that the plaintiff bank was such a *"real party in interest"* in the policy sued upon as to bring it within the purview of our statute authorizing it, as such *real party in interest,* to sue in its own name alone to recover upon such policy. Our mortgage statute invoked by the defendant in error is as follows:

VOL. 46, JUNE TERM, 1903. 327

Indian River St. Bk. v. Hartford Fire Ins. Co.—Opinion of Court.

"1981 (Rev. Stats.) Instruments deemed Mortgages. All deeds of conveyance, obligations conditioned or defeasible, bills of sale or other instruments of writing conveying or selling property, either real or personal, for the purpose or with the intention of securing the payment of money, whether such instruments be from the debtor to the creditor, or from the debtor to some third person in trust for the creditor, shall be deemed and held mortgages, and shall be subject to the same rules of foreclosure and to the same regulations, restraints and forms as are prescribed in relation to mortgages."

"1982 (Rev. Stats.) Nature of a mortgage. A mortgage shall be held to be a specific lien on the property therein described, and not a conveyance of the legal title or of the right of possession."

The latter section, it will be observed, declares that a mortgage shall not be a conveyance of the legal title or of the *right of possession*. We do not think that this statute was designed to prohibit the *delivery of possession* of chattels and choses in action *in pledge* as security for debts. That such was not its design is made clear by the provisions of section 1983 of the Revised Statutes, that provides: "No chattel mortgage shall be valid or effectual against creditors or subsequent purchasers for a valuable consideration and without notice, unless it be recorded, or unless the property included in it be delivered to the mortgagee and continue to remain truly and *bona fide* in his possession." This section expressly recognizes the right of a mortgagor of a chattel to deliver, and of the mortgagee to retain, *possession* thereof. Neither do we think that these statutes with reference to mortgages were designed to abrogate the distinction between *pledges* of chattels and choses in action and mortgages thereof. And while the distinction between the two species of security may be, in the presence of our quoted statutes, difficult of clearly defined demarkation, and shadowy, yet a difference is recognized in the books, and we do not think that our statutes quoted above in anywise

328      SUPREME COURT OF FLORIDA,

Indian River St. Bk. v. Hartford Fire Ins. Co.—Opinion of Court.

abrogate such distinction. Jones on Pledges & Col. Securi-
ties, sec. 4 *et seq.* And we think that the assignment of the
policy alleged in the declaration in this case makes out a
case of pledge rather than that of a mortgage. But whether
the transaction of the assignment of this policy as between
Hamburg the assignor and the bank as assignee be con-
sidered technically as either a pledge or mortgage as be-
tween them, still we do not think that the right of the bank
to sue in its own name for the collection thereof as against
the insurance company will be affected thereby. Section
981, Revised Statutes, treating exclusively the subject of
*parties* to suits at law, provides as follows: "981. Real
Parties in Interest. Any civil action at law may be main-
tained in the name of the real party in interest. This shall
not be deemed to authorize the assignment of a thing in
action not arising out of contract. An executor, adminis-
trator, trustee of an express trust (including a person with
whom or in whose name a contract is made for the benefit
of another or a person expressly authorized by statute), may
sue without joining with him the person for whose benefit
the action is prosecuted." This provision of law was first
enacted in this State in 1870, as sections 62 and 64 of the
code of civil procedure adopted here from the State of New
York, being sections 111 and 113 of the New York statute.
*Robinson, Assignee, v. Nix,* 22 Fla. 321. It was repealed
with the code of which it was a part by chapter 1938, laws
of 1873, but was re-enacted in chapter 3241 laws, approved
February 25th, 1881, and brought forward as section 981 of
the Revised Statutes.

In the case of *Allen v. Brown,* 44 N. Y. 228, it is held
that "an assignee of choses in action, holding the legal title
by written assignment, valid upon its face, is the real party
in interest, under section 111 of the code of procedure,
although others may have an ultimate beneficial interest in
the proceeds, and even if he would be liable as their debtor,
under his contract with them, for the amount realized."
*Eaton, Admx. v. Alger,* 47 N. Y. 345; *Cummings v. Morris,*

VOL. 46, JUNE TERM, 1903.          329

Indian River St. Bk. v. Hartford Fire Ins. Co.—Opinion of Court.

25 N. Y. 625; *Green v. Republic Fire Ins. Co.,* 84 N. Y. 572.

In Minnesota the statute is identical with ours. Rev. Stats. of Minnesota of 1866, secs. 26 and 28, p. 453. In the case of *Castner v. Summer,* 2 Minn. 44, it is held that where "A assigned to B certain notes made by C to secure indebtedness due from A to B, and took a bond from B conditioned that if B should realize on these notes more than his claim against A and expenses of collecting, the balance was to be paid to the assignor, that as B was authorized to receive the money on the notes from C, he was also authorized to bring suit to collect it, and that A had no legal interest in the notes assigned, and not even a *certain* resulting interest, but only a contingent interest in the. proceeds; and his only claim for the balance would be against B, and not against the maker of the note." This case effectually disposes of the contention of the demurrer of the defendant in error to the effect that a judgment against it in favor of the Indian River State Bank would be no bar to a suit against it on the same policy by Hamburg, the assignor thereof. *Pease, Chalfant & Co. v. Rush, Pratt et al.,* 2 Minn. 107; *White v. Phelps,* 14 Minn. 27; *Bentley v. Standard Fire Ins. Co.,* 40 West Va. 729, 23 S. E. Rep. 584; *Withers v. Sandlin,* 36 Fla. 619, 18 South. Rep. 856. There is nothing in the mortgage statute invoked, when considered in connection with the quoted statute authorizing the real party in interest to sue, that would preclude even a mortgage of a chose in action due by a third party to sue in his own name such third party for the collection thereof if put in possession thereof and duly authorized by the mortgagor so to collect it and to retain out of the proceeds of such collection the debt due to the mortgagee by the mortgagor the balance to be paid by the former to the latter. And in such case upon the recovery of judgment upon the mortgaged chose in action in favor of such mortgagee, the mortgagor would be effectually barred from bringing another suit against the third party owing the assigned or mortgaged debt upon the

330     SUPREME COURT OF FLORIDA,

Indian River St. Bk. v. Hartford Fire Ins. Co.—Opinion of Court.

same cause of action,. but his only redress would be against the mortgagee for the balance collected over and above the debt that he himself owes such mortgagee. In such· a case the bringing of suit and collection of the debt by the mortgagee would be nothing more, as between the mortgagor and mortgagee, than a reduction to the possession of the mortgagee of the substantial avails of the incorporeal chose in action. As we have seen, our mortgage statute expressly authorizes the mortgagor to deliver to the mortgagee the possession of the thing mortgaged and permits · such mortgagee to retain such possession, and in the case of a chose in action the mortgagor thereof can likewise authorize the mortgagee to possess himself of the substantial avails thereof by enforced collection through the courts. Neither is ·there anything in the provisions of chapter 4376, laws of 1895, that militates against, or is inconsistent with, this conclusion. The latter statute simply makes provision for an absolute *sale* of choses in action pledged as security by the pledgee thereof on such terms and in such manner as may be agreed upon in writing between the pledgor and'pledgee, enabling the pledgee to realize his claim by an absolute *sale of the chose in action pledged,* instead of resorting to suit thereon against the debtor owing such chose in action.

The second and third grounds of the demurrer to the plaintiff's declaration contend that the declaration is bad because it fails to allege that Hamburg, the insured, was the owner in fee of the ground upon which stood the building insured; and because it fails to allege that the personal property insured was not encumbered by a chattel mortgage. It was not necessary for the declaration to contain either of the averments contended for. If the provisions of the policy sued on rendered it void in the event the insured did not own the land in fee upon which the insured building stood, or if the personalty insured was encumbered with a chattel mortgage, and if it was a fact that such avoiding facts existed, it was not necessary for the plaintiff in its

VOL. 46, JUNE TERM, 1903.                331

Indian River St. Bk. v. Hartford Fire Ins. Co.—Opinion of Court.

declaration to negative such facts, but it was a matter of defense for the defendant to urge by plea.

The fourth ground of the defendant's demurrer con- tends that on the face of the pleadings in the case the sv ` was instituted more than twelve months next after the fire when the policy sued on limited the time for suit thereon to twelve months. This contention is not borne out by the facts on the face of the record. The suit was instituted by the plaintiff, the Indian River State Bank, conjointly with Hamburg within twelve months from the date of the fire, and by authorized and proper amendments, apparent on the face of the record, Hamburg was dropped from the suit and the same continued in the name alone of the present plaintiff up to the final judgment under review. The plaintiff bank being a real party to the suit from its inception.

The contention of the fifth ground of the demurrer to the declaration is untenable because the declaration of the plaintiff in error is not such a radical or material departure from the case made by the original and former amended declarations as renders it for that reason subject to de- murrer, but presents a case proper to be evolved through authorized amendments from the case made by the original and former amended declarations upon the same cause of action, as was held in effect in the case of *Hamburg v. Liverpool & London & Globe Ins. Co., supra.*

The contention of the sixth ground of the defendant's demurrer to the declaration is that the declaration is bad because it does not show that an alleged agent of the de- fendant, one Hall, was the agent of the defendant in the matter of the adjustment of loss or the acceptance or refusal to accept proofs of loss, nor that knowledge of the alleged denial of liability was brought home to this defendant, or that the said Hamburg, or the plaintiff, was misled by the alleged acts of said Hall. The only allegation in the declaration with reference to the actions of said Hall as the agent of the defendant company is to the effect that said Hall as the authorized agent of the defendant company

332    SUPREME COURT OF FLORIDA,

Indian River St. Bk. v. Hartford Fire Ins. Co.—Opinion of Court.

denied to the plaintiff absolutely and unconditionally any liability whatever on the part of the defendant company upon said policy, and this immediately after the fire. This feature of the declaration was designed to show a waiver of proofs of loss by the company as a consequence of its denial through its agent of all liability on the policy. This ground of the demurrer is untenable because it was not necessary that the agent Hall should have been clothed with authority as the agent of the company in the matter of the adjustment of the loss or the acceptance or refusal to accept proofs of loss, in order to *deny liability* on the policy on behalf of the company. The adjustment of the loss and the acceptance or refusal to accept proofs of loss are entirely different matters from an absolute repudiation of liability on a policy, and an agent may be fully authorized to represent the company in the latter, and have no authority to represent it in the former. If the alleged agent Hall had authority on behalf of the defendant company to deny for it any liability on the policy, then it makes no difference whether such denial by him as its agent was brought home to its knowledge or not; it is bound by the authorized acts of its agent whether it has knowledge of such acts or not. Neither was it necessary that the declaration should allege that the plaintiff, or its assignor Hamburg, was misled by the alleged denial of liability made by the defendant's agent. A simple allegation of the denial of all liability on the policy by the company through its agent was sufficient to give to the plaintiff any advantage to be derived from the waiver of proofs of loss following as a legal consequence upon a denial of liability. In such a case it is not a question of being *misled* into this, that or the other course of action, but presents purely a question of fact. Did the defendant company absolutely repudiate or deny all liability upon the policy sued upon? If it did, then it follows as a *legal consequence* that it has waived the making of proofs of loss provided for in the policy. *Taylor v. Glens Falls Ins. Co.,* 44 Fla. 273, 32 South. Rep. 887.

VOL. 46, JUNE TERM, 1903.        333

Indian River St. Bk. v. Hartford Fire Ins. Co.—Opinion of Court.

The said first count in reference to the agency of said Hall alleges that he was "the agent of the defendant company at Titusville, Fla., * * * and was clothed with full authority to receive proposals for insurance, to receive money, and countersign, issue and renew policies of insurance of said company, and was the agent of said company for the purpose of receiving service of process in any civil action against said company."

In the case of *Nickell v. Phoenix Ins. Co.,* 144 Mo. 420, 46 S. W. Rep. 435, it is held that "where a local agent of an insurance company has authority to represent the company in making contracts of insurance, in collecting the premiums and in signing the policies, he also has authority to waive proof of loss, either in writing or by parol, or by matters *in pais* which amount to an estoppel. And that an insurance company can not make its local agent the medium through which all the benefits of a policy flow from the insured to it, and then deny that he has authority to represent it when the benefits of the insured are involved." While there is conflict in the authorities upon this point, yet we think that in soundest reason, and from the standpoint of fairness and justice, the case quoted from above and the authorities cited therein in support thereof announce the correct rule. *Citizens Insurance Co. v. Stoddard,* 99 Ill. App. 469; *Harness v. National Fire Insurance Company,* 76 Mo. App. 410. In the case of *Hahn v. Guardian Assur. Co.,* 23 Oregon, 576, 32 Pac. Rep. 683, it is held that "the acts of an agent, performed within the scope of his real or apparent authority, are binding upon his principal. The public have a right to rely upon an agent's apparent authority, and are not bound to inquire as to his special powers unless the circumstances are such as to put them upon inquiry." This case, we think, also announces the correct rule in such cases.

But it is further contended that the policy itself provides that "no officer, agent or other representative of this company shall have power to waive any condition or pro-

334    SUPREME COURT OF FLORIDA,

Indian River St. Bk. v. Hartford Fire Ins. Co.—Opinion of Court.

vision of this policy except such as by the terms of this policy may be the subject of agreement indorsed hereon or added hereto, and as to such provisions and conditions no officer, agent or representative shall have such power or be deemed or held to have waived such conditions or provisions unless such waiver, if any, shall be written upon or attached hereto." And that the alleged denial of liability by the agent Hall and consequent waiver of proofs of loss claimed thereby can not avail the plaintiff in the face of the quoted provision in the policy. As to this contention we agree with those authorities that hold that "this stipulation refers to the conditions which go to the making of the contract of insurance, and not to provisions relating to the proof of loss which are to be performed in the event of a loss, and consequently this stipulation does not operate to prevent the company from making waiver of proof of loss by conduct or otherwise than by an express agreement." *Farmers' Fire Ins. Co. of York, Pa., v. Baker,* 94 Md. 545, 51 Atl. Rep. 184; *Carson v. Jersey City Fire Ins. Co.,* 14 Vroom (N. J.), 300, S. C. 39 Am. Rep. 584, and cases cited in note; *Indiana Ins. Co. v. Capehart,* 108 Ind. 270, 8 N. E. Rep. 285; *O'Leary v. German American Ins. Co.,* 100 Iowa, 390, 69 N. W. Rep. 686; *Citizens Ins. Co. v. Stoddard,* 197 Ill. 330, 64 N. E. Rep. 355; *Rokes v. Amazon Ins. Co.,* 51 Md. 512, S. C. 34 Am. Rep. 323.

The contentions of the seventh and eighth grounds of the defendant's demurrer to the declaration are, in effect, that the declaration is bad because the excuse therein set up for not making proofs of loss within sixty days from the fire, as provided by the policy, *viz*: the arrest and imprisonment of the insured Hamburg and the detention from him of his books of account, etc., does not furnish any excuse in law for the failure to make such proofs within the prescribed time; and further, that even if such imprisonment of the insured Hamburg and detention from him of his account books furnished any excuse to Hamburg, it did not excuse the plaintiff, the Indian River State Bank, to whom

VOL. 46, JUNE TERM, 1903.                335

Indian River St. Bk. v. Hartford Fire Ins. Co.—Opinion of Court.

the policy was alleged to have been assigned, from making
such proofs within the required time, it not being alleged
that the bank had labored under any such disability.  These
grounds of the demurrer are predicated upon the assumption
and contention that the failure of the assured to make the
proofs of loss required by the policy sued upon *within the
time provided by such policy* works an absolute forfeiture
thereof, and releases the insured from all liability thereon;
and the contention is that the imprisonment of Hamburg,
alleged as an excuse for such failure, furnishes no legal
excuse therefor, and does not save such policy from the for-
feiture contended for as resulting from such failure.  Un-
fortunately for this contention it is founded upon a false
premise.  The provision of the policy sued upon herein re-
quiring the assured to make proofs of loss within sixty days
after the fire does not provide that such policy shall become
void, forfeited or annulled upon a failure to furnish such
proofs of loss within the prescribed time, and such is not the
legal effect of said contract between the parties.  Taken in
connection with another provision of said contract of insur-
ance, the only effect of a failure to furnish the prescribed
proofs of loss *within the required time,* when such failure
has not been excused or waived, is that it postpones the date
when the amount of the loss becomes due and payable, and
consequently postpones the time within which suit may be
brought thereon; another part of the policy providing that
the amount due upon the policy shall be payable sixty days
after satisfactory proofs of loss have been received by the
company.  *Kahnweiler v. Phoenix Ins. Co. of Brooklyn,* 57
Fed. Rep. 562; *Hall v. Concordia Fire Ins. Co.,* 90 Mich.
403, 51 N. W. Rep. 524; *Tubbs v. Dwelling-House Ins. Co.,*
84 Mich. 646, 48 N. W. Rep. 296; *Sun Mut. Ins. Co. v.
Mattingly,* 77 Texas, 162, 13 S. W. Rep. 1016; *Rheims v.
Standard Fire Ins. Co.,* 39 West Va. 672, 20 S. E. Rep. 670;
*Vangindertaclen v. Phoenix Ins. Co. of Brooklyn,* 82 Wis.
112, 51 N. W. Rep. 1122; *Steele v. German Ins. Co.,* 93
Mich. 81, 53 N. W. Rep. 514, S. C. 18 L. R. A. 85; *Cov-*

336    SUPREME COURT OF FLORIDA,

Indian River St. Bk. v. Hartford Fire Ins. Co.—Opinion of Court.

entry *Mutual Live Stock Ins. Association v. Evans*, 102 Pa.
St. 281; *Northern Assurance Company v. Hanna*, 60 Neb.
29, 82 N. W. Rep. 97.

The ninth ground of the defendant's demurrer to the
declaration, as we understand it, that none of the counts in
the declaration set forth facts showing the validity of the
policy in its inception, is wholly without merit as will be
seen from a mere reading of the plaintiff's declaration.

The tenth and last ground of the defendant's demurrer
to the declaration contends that the first and second counts
of the declaration are bad because they are inconsistent with
each other in this, that the first count alleges that the failure
to make the proofs of loss as required was caused by the
denial of liability on the policy by the company, which was
a waiver of such proofs, and in the second count it is alleged
that such proof was not given because Hamburg immedi-
ately after the fire was confined in jail and denied access to
his books.   We do not think that the two counts are ma-
terially repugnant, but even if it be held that there is a
material inconsistency between the positions assumed in
these two counts of the declaration, still that will not render
them subject to demurrer, because the rule is that a plain-
tiff in an action on an insurance policy may, in different
counts of his declaration, aver both a waiver by the company
of the proofs of loss, and a compliance with the provisions
of the policy as to such proofs on his part, and may rely
upon that one of the counts that the evidence establishes.
*Warshawky v. Anchor Mut. Fire Ins. Co.*, 98 Iowa, 221,
67 N. W. Rep. 237.   The same case holds also that the
assured may insist that proofs of loss have been waived,
notwithstanding the fact that he, later, furnishes such proof,
from abundance of caution.   We think that the court below
erred in giving judgment for the defendant upon the de-
murrer of the plaintiff to the pleas of the defendant to the
third count of the plaintiff's declaration.   This count, in con-
nection with the other counts, was a proper one upon which
to predicate a claim for interest on the amount, if any, due

VOL. 46, JUNE TERM, 1903.    337

Indian River St. Bk. v. Glens Falls Ins. Co.—Opinion of Court.

upon the policy, and while a recovery of such interest may have been had without its presence in the declaration, still it is not an improper pleading, and is not subject to demurrer.

It follows from what has been said that the court below erred in the judgment rendered, and it is, therefore, hereby considered, ordered and adjudged that the judgment of the court below in said cause is hereby reversed with directions to overrule the demurrer of the defendant to the declaration of the plaintiff, the Indian River State Bank, and to sustain the demurrer of the plaintiff to the pleas of the defendant insurance company in all those particulars wherein such pleas shall be inconsistent with the principles of law announced in this opinion, and for such further proceedings as shall be consonant with law. The costs of this appellate proceeding to be taxed against the defendant in error.